UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MANUEL TRUEBLOOD (#129374)

VERSUS                                                                CIVIL ACTION

BURL CAIN, ET AL                                                NUMBER 08-258-JJB-DLD

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on January 25, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MANUEL TRUEBLOOD (#129374)

VERSUS                                                    CIVIL ACTION

BURL CAIN, ET AL                                          NUMBER 08-258-JJB-DLD


## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Lt. Col. Sterlin, Maj. Richardson and Sgt. Ford. Plaintiff alleged that he was issued an unfair disciplinary report in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts

which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on December 4, 2007, he was transferred to a working cell block. Plaintiff alleged that while in the lobby of Raven unit he requested protective custody from Sgt. Ford. Plaintiff alleged that Sgt. Ford told him to request protective custody during the next shift and then ordered the plaintiff to enter his assigned cell. Plaintiff alleged that he told Sgt. Ford that he had a general fear that he would be assaulted by another inmate but did not provide the identity of any particular inmate he was afraid of. Plaintiff alleged that Maj. Richardson came to the unit and ordered the plaintiff to enter the assigned cell. Plaintiff alleged that he requested protective custody. Plaintiff alleged that Maj. Richardson ordered Sgt. Ford to issue the plaintiff a disciplinary report for aggravated disobedience and to place the plaintiff in administrative segregation pending a disciplinary board hearing. Plaintiff alleged that he entered a guilty plea at the disciplinary board hearing and was sentenced to Camp J extended lockdown, a location where he had previously been assaulted. Plaintiff alleged that he appealed the decision of the disciplinary board on the grounds that his actions were justified because he would have sustained bodily injury if he had complied with the orders. Plaintiff alleged that he also renewed his request for protective custody in his appeal. Plaintiff alleged that Warden Cain denied the appeal, noting that the plaintiff had entered a guilty plea to the disciplinary charges and as a result could only challenge the sentence imposed.

Plaintiff alleged that he was issued an unfair disciplinary report.

2

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

Plaintiff alleged that Warden Cain denied his disciplinary board appeal and did not grant his renewed request for placement in protective custody.

Plaintiff does not have a constitutional right to receive a favorable response to a disciplinary board appeal.

Plaintiff alleged that Warden Cain did not respond to his request for protective custody which he renewed in his disciplinary board appeal.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged failure to respond to his renewed request for protective custody.

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e).

Signed in Baton Rouge, Louisiana, on January 25, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**